IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

LUIS ALBERTO
DOMINGUEZ-SILVA,

    Plaintiff

      v.

LEE S. HARVEY; OFFICER ART
SPARKS; SHERIFF JIMMY
THOMAS; and PIKE COUNTY,
GEORGIA,

    Defendants.

CIVIL CASE NO.
3:04-CV-135-JTC

## O R D E R

This matter is currently before the Court on Defendants' motion for an order authorizing the production of records from nonparties, or in the alternative to compel production [#21].  This suit stems from an alleged act of excessive force by Pike County law enforcement officials on December 2, 2002, while Plaintiff was detained.  Plaintiff brings claims under 42 U.S.C. § 1983 and 1988, as well as various claims under the laws of Georgia, including intentional infliction of emotional distress.

## I.    Procedural Background

On July 28, 2005, Defendants served subpoenas upon Upson Regional Medical Center and West Central Georgia Regional Hospital.  The subpoenas

called for medical documents pertaining to the "treatment, evaluation, examination and/or professional association" with Plaintiff.  Upson Regional Medical Center refused to produce psychiatric records relating to a June 2002 hospital visit, and West Georgia Regional Medical Center refused to produce any records without a release from Plaintiff or a court order.  Defendants subsequently filed the instant motion, urging the Court to compel Plaintiff to sign a release, or in the alternative to issue an order authorizing the production of such records.  In response, Plaintiff contends that the records sought to be produced are protected by the psychotherapist-patient privilege and are thus not subject to discovery.

## II.     Analysis

Plaintiff argues that the psychotherapist-patient privilege is "nearly sacrosanct" under Georgia law, and may not be pierced absent an express waiver.  Indeed, his argument would be persuasive if Georgia law applied in this case.  However, as the Eleventh Circuit made clear in Hancock, "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the [evidence] is relevant to a pendent state law count which may be controlled by a contrary state law of privilege."  Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992).  Because this Court's jurisdiction is premised upon Plaintiff's

federal questions under 42 U.S.C. §§ 1983 and 1988, the federal law of privilege governs this question.

When <u>Hancock</u> was decided, there did not exist a federal psychotherapist-patient privilege.  <u>See id.</u> at 466.  Since that time, however, the Supreme Court, based on strong public and private interests, has made that testimonial privilege a part of the federal common law.  <u>See generally</u> <u>Jaffee v. Redmond</u>, 518 U.S. 1, 116 S. Ct. 1923 (1996).  In its recognition of the privilege, the <u>Jaffe</u> Court declined to "delineate its full contours in a way that would 'govern all conceivable future questions . . . .'" <u>Id.</u> at 18, 116 S. Ct. at 1932 (citation omitted).  It expressly noted, however, that like other privileges, the psychotherapist-patient privilege could be waived.  <u>See id.</u> at 15 n.14, 116 S. Ct. at 1931 n.14.

The Court of Appeals for the Eleventh Circuit has yet to address the issue of when a party has waived the psychotherapist-patient privilege, and only one reported case in the Eleventh Circuit has discussed the matter.  <u>See</u> <u>Stevenson v. Stanley Bostitch, Inc.</u>, 201 F.R.D. 551 (N.D. Ga. 2001) (Scofield, Mag.).  As discussed in <u>Stevenson</u>, most courts to encounter the question have determined that a party waives the privilege by placing his mental condition "at issue," but diverge to some extent on determining when that

3

occurs.[1]  See id. at 556 (discussing cases).  A majority holds that a plaintiff

does not waive the privilege merely by claiming "garden variety" emotional

distress damages.  Stevenson, 201 F.R.D. at 557.  These courts will find

waiver where the plaintiff goes further, however, such as by claiming

unusually severe emotional distress or asserting a tort claim for intentional

infliction of emotional distress.  Id. at 554, 557.  This approach is sound,

because it appropriately considers the importance of the psychotherapist

privilege and its purpose of promoting successful psychiatric treatment by

encouraging confidence and trust within the psychotherapist-patient

relationship.  Cf. Ruhlman v. Ulster County Dep't of Soc. Servs., 194 F.R.D.

445, 451 (N.D.N.Y. 2000) (discussing policies underlying privilege).  It also

gives the plaintiff, as master of his Complaint, clear guidance on what claims

or allegations will operate to waive the privilege.

        In this case, Plaintiff asserts as his third cause of action a claim for

intentional infliction of emotional distress.  (Complaint ¶ 33.)  Accordingly, he

has put his mental condition "at issue" and has therefore waived the

psychotherapist-patient privilege.  However, the Court will not order

─────────────────────

        [1] Although there have been few occasions to address waiver of the privilege
since it was created in 1996, many courts draw guidance from the analogous line of
cases analyzing when a party has placed his mental condition "at issue" for purposes
of ordering a Rule 35(a) mental examination.  See Stevenson, 201 F.R.D. at 557; see
also Jackson v. Chubb Corp., 193 F.R.D. 216, 226 n.8 (D.N.J. 2000).

production of the records sought until resolution of Defendants' pending

motion for summary judgment.  If Plaintiff's claim for intentional infliction of

emotional distress survives Defendants' motion, he will be required to

produce the requested documents.  If the claim does not survive summary

judgment, however, his remaining claims would not justify disclosure of the

confidential documents relating to his prior psychiatric treatment.[2]

## III.   Conclusion

Because Plaintiff put his mental condition at issue by asserting a claim

for intentional infliction of emotional distress, he has waived the

psychotherapist-patient privilege.  Therefore, he is unable to rely on this

evidentiary privilege as a basis for withholding discoverable materials.

However, Plaintiff is not required to produce the records unless and until his

claim for intentional infliction of emotional distress survives Defendants'

motion for summary judgment.  Therefore, Defendants' motion authorizing

the production of records from nonparties, or in the alternative to compel

production [#21] is **GRANTED in part** and **DENIED in part**.  In the event

---

[2] This is not a case where Defendants need the records for summary judgment purposes.  Indeed, Defendants filed their motion for summary judgment only weeks after filing the instant motion to compel.  Instead, it appears from the record that Defendants seek to use this information, if necessary, primarily to mitigate damages and provide impeachment material if the case goes to trial.  (Defs.' Mot. at 4-6.)  Were the requested records relevant to issues raised by Defendant's motion for summary judgment, Defendant would be presently entitled to them.

that Plaintiff's intentional infliction of emotional distress claim survives summary judgment, the Court **ORDERS** Upson Regional Medical Center and West Central Georgia Regional Hospital to produce <u>to Plaintiff</u> the documents requested by Defendants within twenty days of the entry of that Order.  If necessary, Plaintiff is **ORDERED** to sign a release for the documents. Within ten days of receipt of said documents, the Court **ORDERS** Plaintiff to produce said documents to Defendants, subject to any other legally valid reason for non-production.

**SO ORDERED**, this ____23rd____ day of March, 2006.


/s/ Jack Camp_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

6